# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

ANN L. SHAEFFER, )
)
        Plaintiff, )
)
vs. ) Case No. 13-1251-KGG
)
ANDERSON MANAGEMENT )
COMPANY, INC., )
)
        Defendant. )
_____ )

## MEMORANDUM & ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant moves for reconsideration (Doc. 25) of certain aspects of this Court's Memorandum and Order (Doc. 23) granting in part and denying in part Defendant's Motion for Summary Judgment (Doc. 18).  Although the time has not expired for Plaintiff to respond to Defendant's motion, a response would not be of assistance to the Court.  As such,  Defendant's motion for reconsideration (Doc. 25) is **DENIED**.

## DISCUSSION

Defendant urges reconsideration "'to correct manifest errors of fact or law.'" (Doc. 25, at 2 (citation omitted).)  Defendant does not agree with the Court's finding of a genuine issue of material fact "as to whether the defendant had actual

knowledge of alleged sexual harassment due to plaintiff's allegation that she reported the harassment to her site manager, [who is the] wife of the alleged harasser." (*Id*., at 1.) Defendant argues that the Court erred because

> (1) The bare, nonspecific testimony in plaintiff's deposition that she 'told [the site manager]' is contrary to her other assertions, including her factual allegations in the Pretrial Order, and does not create a true fact question for a jury; and (2) As a matter of law, [the site manager] was not a management employee whose knowledge could be imputed to her employer for purposes of liability for negligence.

(*Id*.)

Reconsideration on the grounds stated by Plaintiff is appropriate only "where a court has obviously misapprehended a party's position [on] the facts or the law, or a court has mistakenly decided issues outside of those the parties presented for determination." ***Anderson v. United Auto Workers,*** 738 F. Supp. 441, 442 (D. Kan. 1990). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed," which is exactly what Defendant is attempting to do with the present motion. ***Voelkel v. Gen. Motors Corp***., 846 F. Supp. 1482, 1483 (D.Kan. 1994), *aff'd*, 43 F.3d 1484 (Table) (10th Cir. 1994).

To the extent Plaintiff's testimony regarding her alleged conversation with the site manager regarding the harassment was "bare [and] nonspecific," this is

because Defendant seemingly ignored Plaintiff's deposition testimony on the subject and chose not to explore the issue with additional questioning. (*See* Doc. 19-5, at 13, *et seq.*)  Further, this testimony is not necessarily "contrary to [Plaintiff's] other assertions" regarding who she told about the harassment.  Plaintiff's statement in the Pretrial Order that she told her supervisor, Troy Hagerman, of the harassment in late May 2012 (Doc. 17, at 3) <u>does</u> <u>not</u>, as Defendant argues, establish that this was "the first time she reported any sexual harassment" to anyone. (Doc. 25, at 4.)

Defendant has failed to provide any testimony by Plaintiff affirmatively stating that she failed to discuss the issue with the site manager or anyone else before her conversation with Hagerman. (Doc. 17, at 3.)  To the contrary, her deposition testimony indicates that she informed the site manager in February 2012. (Doc. 19-5, at 13-14.)  Also, Plaintiff's statement to the Wichita police merely establishes that she did not talk to the site manager about the alleged harassment "on this date" – <u>not</u> that she failed to discuss it with the site manager before a particular time. (*Id.*, at 12; Doc. 25, at 4.)  While Plaintiff's evidence that she informed the site manager is not robust, and may be vulnerable to challenges to her credibility, the Court cannot find that it is insufficient to create a genuine issue of material fact.

The Court is equally unpersuaded by Defendant's assertion that the site manager did not have sufficient authority to impute knowledge to Defendant for liability or negligence purposes. (Doc. 25, at 6.) Because Defendant was aware of Plaintiff's deposition testimony regarding her conversation with the site manager, Defendant should have addressed the issue of this conversation – and the site manager's authority or lack thereof – in its initial summary judgment brief. Defendant does not touch the issue until its reply brief and even then merely focuses on the fact that the site manager was not Plaintiff's supervisor. Although Defendant states several times that the site manager was not a "supervisor/management-level employee," Defendant provides no substantive evidence regarding the site manager's employment duties. The Court is left only with the information that she was the "site manager," meaning that she had the authority and duty to manage the site. Defendant does not in its briefing provide actual evidence to establish that the site manager is legally unable to impute knowledge to Defendant because of her general lack of authority within the company.

This is not an instance of the Court having committed a manifest error of fact or law. Rather, it is an instance of Defendant attempting to have "a second chance . . . to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. As such, Defendant's Motion for

Reconsideration (Doc. 25) is **DENIED**.

**IT IS THEREFORE ORDERED** that the Defendant's motion (Doc. 25) is **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 30th day of July, 2014.

                                               S/ KENNETH G. GALE
                                               KENNETH G. GALE
                                               United States Magistrate Judge